PROB 12A
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Candice Ateaya Jones</u>     Case Number: <u>3:13-00071</u>

Name of Sentencing Judicial Officer: <u>Honorable Sean F. Cox, United States District Judge</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, United States District Judge</u>

Date of Original Sentence: <u>October 23, 2009</u>

Original Offense: <u>21 U.S.C. § 846 Attempt to Possess with Intent to Distribute a Controlled Substance</u>

Original Sentence: <u>33 months' custody followed by four years' supervised release</u>

Type of Supervision: <u>Supervised release</u>     Date Supervision Commenced: <u>July 3, 2012</u>

Assistant U.S. Attorney: <u>To be determined</u>     Defense Attorney: <u>To be determined</u>

---

**THE COURT ORDERS:**

☑ No Action
☐ Submit a Petition for Summons
☐ Submit a Petition for Warrant
☐ Other

Considered this ____ day of _____, 2013,
and made a part of the records in the above case.

_____
Kevin H. Sharp
U.S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place     Nashville, Tennessee

Date     April 23, 2013

# ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

On March 29, 2013, Candice Jones associated with a convicted felon. She was instructed by this officer to end the relationship, and she failed to do so.

On March 29, 2013, this officer received notification from Metropolitan Nashville Police Department that Ms. Jones had contact with law enforcement. When questioned by this officer, Ms. Jones related she was at a party and was picked up by her boyfriend after a fight ensued between two ladies. This officer inquired about the name of her boyfriend, and Ms. Jones replied, "Alfonzo Corley." This officer is familiar with Mr. Corley being a convicted felon as a former resident of Diersen Charities, Inc., the federal halfway house. This officer instructed Ms. Jones to end the relationship immediately. She failed to do so.

## Compliance with Supervision Conditions and Prior Interventions:

Candice Ateaya Jones started her term of supervised release on July 3, 2012. Her term of supervision expires on July 2, 2016.

On March 29, 2013, this officer was notified by the Metropolitan Nashville Police Department that Ms. Jones had contact with law enforcement at approximately 3 a.m. Upon contacting Ms. Jones at 8:26 a.m., she advised that she was in a hotel room somewhere on Murfreesboro Road for a birthday party for one of her coworkers from Cracker Barrel. An altercation ensued between two ladies at the party, and the police were contacted. When the police arrived, Ms. Jones told the police officer her name and presented her identification. After the police ran her name through the computer, Ms. Jones called her boyfriend to pick her up. This officer asked her why she was at a party for a former coworker, with whom she was not too familiar, in a hotel on a week night until after 3 a.m., when she has children at home. Ms. Jones said, "Ms. Haney, how are you going to ask me something like that? I'm 30 years old."

During the phone conversation with Ms. Jones, this officer inquired of her present whereabouts, and she inquired that she was at a friend's house. This officer asked her was her friend the "boyfriend" that picked her up from the hotel party this morning, and she said, "Yes." This officer asked his name, and she stated his name is Alfonzo Corley. This officer is familiar with Mr. Corley. He is

a former resident of Diersen Charities, Inc. Halfway house. This officer strongly reprimanded the offender for having a relationship with a convicted felon, when she knew she was not to have contact with any convicted felons without permission of this officer or the Court. This officer reiterated the condition in her judgment which states she shall not have any contact with persons convicted of a felony, and the conditioned can only be overruled by the judge. This officer instructed her to break off the relationship, go straight home, and call this officer from her home phone.

Ms. Jones did not go straight home and contact this officer as instructed, but she called two hours later. This officer attempted to contact Ms. Jones several hours later, and she was unavailable. Her cell phone was answered by Cynthia Robinson, a friend of Ms. Jones. Ms. Robinson was later identified as Alfonzo Corley's grandmother.

At approximately 5:43 p.m., on March 29, Ms. Jones called this officer. She indicated that she received the message that this officer was attempting to contact her. This officer told her that she did not return home immediately as instructed at 8:30 a.m., because she was not home by 10 a.m. Ms. Jones stated she called this officer at the probation office at 10:30 a.m., but this officer was not available. This officer inquired about the commencement of the relationship between she and Alfonzo Corley. She related they knew one another from the halfway house. Ms. Jones indicated she wanted to get approval from the Court, as she knew she was not supposed to be in a relationship with another offender. This officer noted that their relationship was a secret, prior to this officer receiving notification from the police at 3 a.m., and she did not have permission from this officer.

This officer instructed the offender NOT to get married to circumvent the condition not to associate with convicted felons. Ms. Jones advised she was at O' Charley's restaurant with a female friend. When this officer inquired about if she was really there with Mr. Corley, she admitted that she would "keep it real" with this officer, as this officer had "been real" with her. Ms. Jones related she was at O' Charley's with a friend celebrating her marriage to Mr. Corley, which occurred earlier in the day. She stated they were married at St. Luke's Church by Pastor Frank Stevenson, Sr., who is Mr. Corley's uncle's pastor. Apparently, it was the couple's previously planned wedding day, and they would have been married without this officer's knowledge of the relationship, had this officer not received notification from law enforcement. Additionally, Ms. Jones did not end the relationship after being instructed to do so. She was not married at the time this officer told her to end the relationship, but she continued with her plans to marry Mr. Corley that day. This officer instructed her to report to the probation office on Tuesday, April 2, 2013, at 11a.m.

Ms. Jones reported to the probation office on April 2, 2013, as instructed, with Mr. Alfonzo Corley. Mr. Corley reported to the probation office for a revocation hearing based on new criminal conduct. Ms. Jones presented a marriage certificate indicating the couple were married on March 29, 2013. The couple met while residing at Diersen Charities, Inc., and Ms. Jones maintained contact with Mr. Corley as evidenced by a letter that Mr. Corley wrote to Ms. Jones on August 30, 2012. Ms. Jones was released from the halfway house on July 2, 2012. Mr. Corley was released on September 3, 2012. Ms. Jones blatantly ignored the condition of supervision barring this type of behavior and this officer's instructions to end the relationship.

**U.S. Probation Officer Recommendation:**

At this time, given that Ms. Jones has already gotten married, the probation officer is requesting that no additional action be taken by the Court.

These actions are of concern because, historically, relationships that begin in the halfway house do not end well.

It is recommended Ms. Jones continue on supervised release with increased monitoring by the probation officer. Any further non-compliant behavior will be promptly reported to Your Honor.

The U. S. Attorney's Office has been advised of the offender's noncompliance and concurs with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer