PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 6]

Name of Offender: <u>Candice Ateya Jones</u>   Case Number: <u>3:13-00071-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Sean F. Cox, United States District Judge, ED/MI</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, United States District Judge</u>

Date of Original Sentence: <u>October 23, 2009</u>

Original Offense: <u>21 U.S.C. § 846 Attempt to Possess with Intent to Distribute a Controlled Substance</u>

Original Sentence: <u>33 months' custody followed by four years' supervised release</u>

Type of Supervision: <u>Supervised release</u>   Date Supervision Commenced: <u>July 3, 2012</u>

Assistant U.S. Attorney: <u>Lee Deneke</u>   Defense Attorney: <u>Michael C. Holley</u>

---

**PETITIONING THE COURT**

  <u>X</u>  To Consider Additional Violation/Information at the revocation hearing.
  ____  To issue a Summons.
  ____  To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
   (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

Considered this _14_ day of _March_, 2014,
and made a part of the records in the above case.

Kimberly Haney
U.S. Probation Officer

_____
Kevin H. Sharp
U. S. District Judge

Place  Nashville, TN

Date  March 12, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 6, has been amended as follows:

> Violation No. 6 - has been added to report the commission of another federal, state, or local crime.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state, or local crime.**

   On December 2, 2013, Candice Jones received a misdemeanor citation for Unlawful Use of Drug Paraphernalia in Nashville, Davidson County, Tennessee. She is scheduled to appear in court on March 24, 2014.

   According to the misdemeanor citation, on December 2, 2013, a police officer with the Metropolitan Nashville Police Department (MNPD) stopped a vehicle for running a red light. The officer got consent from the driver to search the vehicle. Upon conducting the search, a crack pipe was located in the back seat on the passenger side. Neither the driver or the passenger, Ms. Jones, claimed the crack pipe. Therefore, both parties were charged with Unlawful Use of Drug Paraphernalia.

   On December 2, 2013, Ms. Jones left the probation officer a voicemail, at the time she received the misdemeanor citation, to advise she had contact with law enforcement. She contacted the probation officer later that same day to explain what occurred. Ms. Jones advised that her husband, Alfonzo Corley, who is also on federal supervision, contacted her to ride with him to his grandmother's house to take her some cigarettes. Mr. Corley was allegedly driving a late model Chevrolet Tahoe and Ms. Jones was not sure who the vehicle belonged to, but she got in the car anyway. The couple was pulled over by a MNPD officer near 6th Avenue North and Jefferson Street. A computer check of the license plate revealed the vehicle was wanted for repossession. A subsequent search of the vehicle revealed a crack pipe in the back seat. Mr. Corley did not claim ownership of the crack pipe, and they were both cited.

2.   **The defendant shall not commit another federal, state, or local crime.**

   On February 6, 2014, Ms. Jones received a citation for Driving on a Suspended Driver's License, a class B misdemeanor, in Nashville, Davidson County, Tennessee. She will appear in court on March 20, 2014.

According to the affidavit, on February 6, 2014, Ms. Jones was driving southbound on 21st Avenue North when the police officer observed her run a stop sign at 21st Avenue North and Herman Street. When the police officer approached Ms. Jones in the driver's seat, the officer asked her for her driver's license, registration, and proof of insurance. Ms. Jones handed the police officer a state issued identification card. The police officer conducted a computer check of Ms. Jones' driver's license to verify her driving status.

Ms. Jones continued to drive without a valid driver's license when she reported to the probation office on February 11, 2014. She stated she had to drive because she does not have any help.

3. **The defendant shall refrain from any unlawful use of a controlled substance.**

On February 11, 2014, Ms. Jones tested positive for marijuana use.

Ms. Jones reported to the probation office on February 11, 2014, as instructed by the probation officer for a random drug test and to submit her monthly supervision reports. She submitted a urine specimen which tested positive for marijuana. Ms. Jones admitted to smoking marijuana around the holidays. The specimen was sent to the laboratory for confirmation. She indicated that she was aware the probation officer had been attempting to contact her, but she had been evading the probation officer's calls because she knew she had smoked marijuana in December 2013, around the holidays. Ms. Jones also divulged, during this meeting, that she was seven months pregnant. On February 18, 2014, the laboratory results were reported as negative for marijuana.

4. **The defendant shall report to the probation officer and shall submit a truthful and complete written within the first five days of each month.**

Ms. Jones failed to submit a monthly supervision reports for the months of December 2013 and January 2014 within the first five days of the month.

The probation officer contacted Ms. Jones on February 11, 2014, and instructed her to come to the probation office for a drug test and to submit a monthly supervision form for the months of December 2013 and January 2014. Ms. Jones reported to the probation office on February 11, 2014.

5. **The defendant shall participate in a program approved by the probation department for substance abuse which program may include testing.**

On February 11, 2014, Ms. Jones refused to participate in a substance abuse treatment program.

Ms. Jones reported to the probation office on February 11, 2014, and a drug test was conducted. The results were positive for marijuana. The probation officer advised Ms. Jones that she would be required to participate in substance abuse treatment at Centerstone Mental Health. Ms. Jones refused and stated, "Are you talking about at

Centerstone? I ain't got time to go to no every Wednesday meetings. I have a small child and no help. I'm trying to work too. Y'all just go ahead and send me to jail or whatever you have to do." The probation officer attempted to reason with Ms. Jones to attend treatment and not have to give birth to her child while in custody, but she was not amenable to treatment.

| | |
|---|---|
| 6.<br>New Violation | **The defendant shall not commit another federal, state, or local crime.**<br><br>On February 27, 2014, Ms. Jones was arrested for Driving While License Suspended, a class B misdemeanor, in Nashville, Davidson County, Tennessee. She is scheduled to appear in court on March 20, 2014. |

According to the affidavit of complaint, Ms. Jones was stopped for traveling 74 mph in a 55 mph zone. Ms. Jones presented a Tennessee identification card when she was asked for a driver's license. A status check of her driver's license revealed that her license was suspended. During the stop, Ms. Jones yelled, threw things around inside her car, and she blamed the police for stopping her. Ms. Jones was stopped for the same offense on February 6, 2014.

**Compliance with Supervision Conditions and Prior Interventions:**

Candice Ateaya Jones started her term of supervised release on July 3, 2012. Her term of supervision is scheduled to expire on July 2, 2016. Ms. Jones was originally sentenced in the Eastern District of Michigan on October 23, 2009. Her jurisdiction was transferred to the Middle District of Tennessee and accepted on April 22, 2013.

The probation officer had made several attempts to contact Ms. Jones to come to the probation office for a drug test and to submit her monthly supervision forms, but she failed to return the probation officer's calls. While at the probation office on February 11, 2014, Ms. Jones advised that she was seven and a half months pregnant by her husband, Alfonzo Corley, who is also on federal supervision. The couple met at Diersen Charities, Inc., and they were married on March 29, 2013. Ms. Jones reported her pregnancy was confirmed in November 2013. Additionally, she admitted to smoking marijuana in December 2013, around the holiday season. Ms. Jones knowingly used an illegal substance after the knowledge and confirmation of her pregnancy, which put her unborn child's health at risk.

On February 18, 2014, the probation officer notified Your Honor regarding Ms. Jones' drug use, new criminal charges, failure to participate in substance abuse treatment, and failure to submit monthly supervision forms as instructed. Your Honor ordered issuance of a warrant. The warrant was executed on February 25, 2014, and Ms. Jones appeared before Magistrate Judge Brown for an initial appearance. Ms. Jones was released under the same term of supervised release conditions, and she was ordered to participate in substance abuse treatment and to comply with bi-weekly drug tests. To date, Ms. Jones has not tested positive for any continued illegal drug use.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violation be considered at a revocation hearing to be held before Your Honor. The new violation has been discussed with Assistant U.S. Attorney Lee Deneke who concurs with the recommendation.

Approved: _/s/_

        Britton Shelton
        Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. CANDICE ATEAYA JONES, CASE NO. 3:13-00071-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B felony) 18 U.S.C. § 3583(e)(3) | 3-9 months U.S.S.G. § 7B1.4 | 6 months |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. 3583(h) | 2-5 years U.S.S.G. § 5D1.2(a)(1) | 2 years |

**Statutory Provisions:** 18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

*Kimberly Haney*
Kimberly Haney
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Candice Ateaya Jones

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:13-00071-01

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 10 / 23 / 2009
   *month   day   year*

5. **Original District/Office** Eastern District of Michigan
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | 1. Unlawful Possession of Drug Paraphernalia | C |
   | 2. Driving on a Suspended Driver's License | C |
   | 3. Marijuana Use | C |
   | 4. Failure to submit monthly supervision reports | C |
   | 5. Refused to participate in substance abuse treatment | C |
   | 6. Driving on a Suspended Driver's License | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — I

10. **Range of Imprisonment** *(see §7B1.4(a))* — 3-9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Candice Ateaya Jones

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($) _____    Home Detention _____

    Other _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002